IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
July 13, 2021
SX-2018-CV-00217
TAMARA CHARLES
CLERK OF THE COURT




**SUPERIOR COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **GERARD CHRISTIAN,** | |
| PLAINTIFF, | Civil No. SX-18-CV-217 |
| v. | ACTION FOR DAMAGES |
| **WALTER PEDERSEN, M.D. AND VIRGIN ISLANDS HOSPITAL AND HEALTH FACILITIES CORPORATION,** | JURY TRIAL DEMANDED |
| DEFENDANTS. | CITE AS: 2021 VI SUPER 73U |

**Appearances:**
**Lee J. Rohn, Esq.**
Lee J. Rohn and Associates, LLC
Christiansted, U.S. Virgin Islands
*For Plaintiff*

**Royette V. Russell, Esq.**
Virgin Islands Department of Justice
Kingshill, U.S. Virgin Islands
*For Defendants*

## MEMORANDUM OPINION AND ORDER

**WILLOCKS, Presiding Judge**

**THIS MATTER** is before the Court *sua sponte*.

### BACKGROUND

¶ 1    On January 22, 2020, the Court entered an order whereby the Court granted in part and denied in part Plaintiff Gerard Christian's (hereinafter "Plaintiff") motion to compel Walter Pedersen, M.D. (hereinafter "Pedersen") to supplement discovery responses, filed on September 17, 2019, ordered Pedersen to supplement his responses to Interrogatory Nos. 6, 15, 16, 17, and 19 and his responses to Demand for Production No. 25 by making available for inspection or producing the requested documents, ordered Pedersen to show cause in writing why Pedersen or Pedersen's attorney, Royette Russell, Esq., should not be required to pay Plaintiff's reasonable

expenses pursuant to Rule 37(a)(5) of the Virgin Islands Rules of Civil Procedure, and ordered Pedersen to comply with the order within thirty days.

¶ 2    Pedersen never filed anything in response to the Court's January 22, 2020 order ordering Pedersen to show cause in writing why Pedersen or Pedersen's attorney, Royette Russell, Esq., should not be required to pay Plaintiff's reasonable expenses pursuant to Rule 37(a)(5) of the Virgin Islands Rules of Civil Procedure.

¶ 3    On June 12, 2020, the Court entered an order (hereinafter "June 12, 2020 Order") whereby the Court granted Plaintiff's motion for sanctions, filed on March 13, 2020, ordered Pedersen to supplement his responses to Plaintiff's written discovery requested within five days unless he has already done so, ordered Pedersen to pay Plaintiff a sum of Four Hundred Dollars ($400.00) in attorney's fees as the cost of Plaintiff's motion for sanctions within ten days, ordered Plaintiff to file an affidavit of costs and fees incurred in filing the original motion to compel discovery with the amount therein also awarded to Plaintiff, and ordered that additional discovery violations will result in additional sanctions, which may include striking Dr. Pederson's affirmative defenses, additional monetary penalties, or deeming the Plaintiff's allegations as admitted.

¶ 4    On June 17, 2020, Plaintiff filed a notice of filing affirmation of fees and costs pursuant to the June 12, 2020 Order.

## STANDARD OF REVIEW

¶ 5    Rule 37 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 37") governs the payment of expenses when a motion is granted, denied, or granted in part and denied in part. Rule 37(a)(5)(C) provides that "[i]f the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." V.I. R. CIV. P. 37(a)(5)(C). Reasonable

expenses include attorney's fees. *See* V.I. R. Civ. P. 37(a)(5)(A) ("If the motion is granted -- or if the disclosure or requested discovery is provided after the motion was filed -- the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.").

## DISCUSSION

¶ 6    In the affirmation attached to Plaintiff's notice, Plaintiff's counsel, Lee Rohn, Esq., affirmed that "[t]he total fees at $400.00 an hour, Plaintiff requests to be awarded against Defendant is 6.25 hours for $2,500.00." (June 17, 2020 Affirmation.) Upon review of Plaintiff's counsel's affirmation, it appears that Plaintiff included the fees for both motion to compel discovery and motion for sanctions.[1] However, the June 12, 2020 Order already ordered Pedersen to pay Plaintiff a sum of Four Hundred Dollars ($400.00) in attorney's fees as the cost of Plaintiff's motion for sanctions and only ordered "Plaintiff to file an affidavit of costs and fees incurred **in filing the original motion to compel discovery** with the amount therein also awarded to Plaintiff."

---

[1] In the affirmation, Plaintiff's counsel affirmed:

1.   I make this affirmation of my own personal knowledge.
2.   Reviewing discovery, including discovery insufficiency letter dated August 19, 2018, and September 11, 2019, and Motion to Compel on September 19, 2019, 1.5 hours.
3.   On September 26, 2019, reviewing of Defendant's Opposition to Motion to Compel, .50.
4.   On January 27, 2020, draft Reply to Opposition to Motion to Compel, 1.0 hour.
5.   January 28, 2020, review Court's Order on Motion to Compel, .50.
6.   February 27, 2020, draft Motion for Sanctions for failing to Supplement, as ordered by the Court, 1.0 hour.
7.   February 28, 2020, review Defendant's Opposition to Motion for Sanctions, .25.
8.   March 18, 2020, Reply to Opposition to Motion for Sanctions, .50
9.   June 12, 2020 review Court's Order granting sanctions, .25.
10.  June 16, 2020 draft affirmation for fees, .75.

The total fees at $400.00 an hour, Plaintiff requests to be awarded against Defendant is 6.25 hours for $2,500.00.

(June 17, 2020 Affirmation.)

(June 12, 2020 Order) (emphasis added.) Thus, in this order, the Court will only address the fees Plaintiff incurred in the filing of Plaintiff's motion to compel discovery.

¶ 7    Here, Plaintiff's counsel's affirmed that 3.5 hours[2] were expended in connection with Plaintiff's motion to compel discovery at the rate of $400.00 per hour, for a total of $1,400.00. Per Rule 37, the Court must determine the reasonableness of the attorney's fees and then the Court may apportion the fees since Plaintiff's motion to compel discovery was granted in part and denied in part.

### A. Reasonableness

¶ 8    In *Meyers v. George*, the court stated:

> ...the Court notes that much of Virgin Islands jurisprudence regarding the reasonableness of an award of attorney's fees and costs pertains to awards to prevailing parties under 5 V.I.C. § 541. Though Court is awarding attorney's fees and costs as a monetary sanction against Plaintiff, as opposed to as a prevailing party, the Court looks to this jurisprudence for guidance, as it is reflective of the process employed by the Court in assessing the reasonableness of attorney's fees and costs.

2016 V.I. LEXIS 231, at *4-5 (Super. Ct. Oct. 25, 2016).

The Court shares the sentiment, and thus will similarly look to the factors that the Virgin Islands courts consider when determining the reasonableness of the attorney's fees for the prevailing party—namely: the time and labor required, the novelty and difficulty of the issues involved, the level of skill needed to properly conduct the case, the customary charges of the bar for similar services, the amount involved in the controversy, the benefits resulting to the client from the services, and the contingency or certainty of compensation. *See Judi's of St. Croix Car Rental v. Weston*, 2008 V.I. Supreme LEXIS 21, *3 (V.I. 2008).[3]

---

[2] *See supra*, footnote 2, ¶¶2-5.

[3] While the *Judi's* court addressed the reasonableness of the attorney's fees requested pursuant to Supreme Court Rule 30, Virgin Islands courts have nevertheless found its analysis helpful and considered the factors discussed in *Judi's* when determining the reasonableness of the attorney's fees under Title 5 V.I.C. § 541. *See e.g., High Times VI Enterprises, LLC v. Hafiz Ahmad Rahhal*, 2021 V.I. Super 42, n.12 (Super Ct. 2021); *Kokinda v. Thelusma*, 2017 V.I.

¶ 9    First, the Court reviews the time and labor expended in this matter. According to Plaintiff's counsel's affirmation, 3.5 hours were expended in connection with Plaintiff's motion to compel discovery—to wit, review discovery, including discovery insufficiency letters dated August 19, 2018 and September 11, 2019, draft motion and reply, review Pedersen's opposition, and review the Court's January 22, 2020 order. The Court finds the services rendered and the time spent by Plaintiff's counsel to be reasonable.

¶ 10    Second, the Court evaluates the novelty and difficulty of the issues involved. The Court finds that the issues involved in the motion to compel discovery is neither novel nor complex.

¶ 11    Third, the Court evaluates the level of skill required of counsel to properly file the motion to compel discovery. As noted above, the issues involved in the motion to compel discovery is neither novel nor complex. This means that counsel was only required to have a basic understanding of the applicable discovery rules and basic drafting skills to properly file the motion to compel discovery. The Court finds that the filing of the motion to compel discovery did not require a high degree of skill by counsel.

¶ 12    Fourth, the Court compares the hourly rate charged in this matter with the customary charges of Virgin Islands attorneys. According to Plaintiff's counsel's affirmation, her rate is $400.00 per hour. The Court finds that Plaintiff's counsel's rate of $400.00 per hour is on the high end of the customary and prevailing market rates charged in the Virgin Islands and will therefore adjust the hourly rate to $350.00 per hour. *See e.g., High Times VI Enterprises, LLC,* 2021 V.I. Super 42, at ¶ 26 ("The Court finds that Plaintiff s counsel's rate of $350.00 per hour to be consistent with the customary and prevailing market rates that similarly experienced attorneys

LEXIS 132, *8 n.3 (Super. Ct. Aug. 18, 2017); *Banco Popular de P.R. v. David,* 2017 V.I. LEXIS 56, *7 n.4 (Super. Ct. Apr. 3, 2017).

charge in the U.S. Virgin Islands."); *Bank of Am., N.A. v. Taylor*, 2019 V.I. LEXIS 173, at *4-5 (Super. Ct. Sept. 9, 2019) (finding the attorney's hourly rate of $350.00 to be consistent with the hourly rates of a trial counsel who "has been practicing law for 37 years and was admitted to the Virgin Islands Bar in 2005"); *Freund v. Liburd*, 2017 V.I. LEXIS 184, at *6 (Super. Ct. Dec. 20, 2017) (finding the attorneys' hourly rate of $250.00 and the managing attorney's hourly rate of $350.00 "consistent with the customary charges of similarly experienced attorneys of the Virgin Islands Bar"); *Yearwood Enters. v. Antilles Gas Corp.*, 2017 V.I. LEXIS 171, *5 (Super. Ct. Dec. 5, 2017) (finding the hourly rate of $350.00 is "in line with the customary and prevailing market rates for attorneys in the Virgin Islands"); *Interocean Ins. Agency v. Joseph*, 2014 V.I. LEXIS 73, *10 (Super. Ct. Sept. 12, 2014) (unpublished) (the court accepted the attorney's hourly rates of $350.00 for in-court services and $300.00 for other services as "fair and reasonable for an attorney with his experience and record").

¶ 13    Fifth, the Court considers the benefits resulting to Plaintiff from the services. Here, as the result of the filing of the motion to compel, the Court ordered Pedersen to supplement some additional discovery responses. The Court finds that Plaintiff benefited from the service of its counsel.

¶ 14    Based on the Court's analysis of the above factors,[4] the Court will adjust the hourly rate from $400.00 per hour to $350.00 per hour, for 3.5 hours, for a total amount of $1,225.00.

## B. Apportionment

¶ 15    The Court will now apportion the reasonable expenses. In the January 22, 2020 order, the Court granted six out of the eleven requests made by Plaintiff in his motion to compel discovery—

---

[4] The Court finds the two remaining factors—the amount involved in the controversy and the contingency or certainty of compensation—not applicable when determining the reasonableness of the attorney's fees in the context of sanctions.

to wit, the Court granted Plaintiff's motion as to Interrogatory Nos. 6, 15, 16, 17, and 19 and

Demand for Production No. 25 but denied Plaintiff's motion as to Interrogatory No. 21 and

Demand for Production Nos. 12, 20, 30, and 31. Thus, the Court will award six-eleventh (6/11) of

the $1,225.00, which equals $668.18, in sanctions.

## CONCLUSION

¶ 16    Based on the foregoing, the Court will order Pedersen to pay Plaintiff a sum of Six Hundred

and Sixty-Eight and Eighteen Cents ($668.18) for reasonable expenses Plaintiff incurred in filing

the motion to compel discovery. Accordingly, it is hereby:

**ORDERED** that, **within fifteen (15) days from the date of entry of this Memorandum**

**Opinion and Order,** Pedersen shall **PAY** Plaintiff a sum of Six Hundred and Sixty-Eight and

Eighteen Cents ($668.18).

**DONE and so ORDERED this _____ day of June 2021.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
    Court Clerk Supervisor II

Dated: _____7/13/2021_____

_____
**HAROLD W.L. WILLOCKS**
**Presiding Judge of the Superior Court**