IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**

January 26, 2023 02:26 PM
ST-2020-CV-00153
**TAMARA CHARLES**
**CLERK OF THE COURT**

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| LOREN KOKOT, )<br><br>Plaintiff, )<br>vs. )<br><br>ST. JOHN FRONT DESK, LLC d/b/a WHARFSIDE )<br>WATERSPORTS and MICHAEL RAMSEY, and )<br>CHASE HERRO, )<br><br>Defendants. )<br>_____ )<br>CHASE HERRO, )<br><br>Crossclaim Plaintiff, )<br>vs. )<br><br>ST. JOHN FRONT DESK, LLC d/b/a WHARFSIDE )<br>WATERSPORTS and MICHAEL RAMSEY, )<br><br>Crossclaim Defendants. )<br>_____ ) | **Case No. ST-2020-CV-00153**<br><br><br>**ACTION FOR DAMAGES**<br>**and PERSONAL INJURY** |

### MEMORANDUM OPINION

#### Cite as 2023 VI Super 3U

**THIS MATTER** is before the Court on Plaintiff Loren Kokot's ("Kokot") Motion to Compel Defendant Chase Herro to Provide Complete Responses to Discovery and For Sanctions, filed on June 17, 2022 ("Motion"). Also before the Court is Defendant Chase Herro's ("Herro") Opposition to Motion, filed on July 11, 2022 ("Opposition"). Kokot filed a Reply to Opposition on July 17, 2022.

### BACKGROUND

Kokot alleges that, on June 15, 2019, she sustained injuries while aboard the m/v Clickbait ("Clickbait") when it hit a wave head-on, and Kokot was sent into the air and hurt upon landing.

*Kokot v. St. John Front Desk, LLC, et al.*                    Cite as 2023 VI Super 3U
Case No. ST-2020-CV-00153
Memorandum Opinion – Plaintiff's Motion to Compel (Herro)
Page 2 of 16

Kokot's brother-in-law had made the arrangements, through Justin Bartosh[1], to rent two vessels on that same June 15. Kokot brought this action against Defendants St. John Front Desk, LLC d/b/a Wharfside Watersports ("Wharfside"), Michael Ramsey ("Ramsey"), and Herro for negligent conduct and negligent entrustment.

Kokot's Complaint[2] alleges that Herro was owner of the vessel, Clickbait, and the party responsible for injuries stemming from its negligent operation; that Wharfside was in the business of chartering motor vessels for day excursions and held itself out as the owner and operator of various vessels, including Clickbait; and that Ramsey was the captain of Clickbait. Defendant Herro filed crossclaims against Wharfside and Ramsey for contribution and indemnity.

Kokot served Herro the first set of interrogatories and requests for production on March 3, 2022. Thus, April 2, 2022 was Herro's deadline to file responses to those discovery requests. *See* V.I. R. Civ. P. 33(b) and 34(b) (imposing a thirty-day deadline, from the date of service, to respond). Herro did not meet this deadline and, on April 12, 2022, asked Kokot for an extension through April 29, 2022, which Kokot granted. Nevertheless, Herro also did not meet the extended deadline and, ultimately, filed his responses on May 5, 2022.[3]

---

[1] Though Bartosh is not a named defendant in this action, Kokot alleges that he is a principal of Defendant Wharfside and that Kokot provided the quotes for the vessels. Bartosh is also referenced in several of Kokot's requests for discovery.

[2] Kokot's Complaint was filed on March 12, 2020.

[3] Herro's responses included a statement of "General Objections" that state the following:

HERRO objects to these discovery requests to the extent that they request information that is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. HERRO also objects to any discovery request that seeks to request information that would be subject to protection of any recognized privilege such as the attorney-client privilege and/or Constitutional protections. To the extent that the Plaintiff does not limit the discovery sought to a reasonable time period, HERRO will provide discovery responses for a period of ten (10) years prior to the acts alleged in the Complaint. To the extent that Plaintiff does not define words or phrases, the definition as given by the Miriam Webster dictionary will be utilized.

*Kokot v. St. John Front Desk, LLC, et al.*
Case No. ST-2020-CV-00153
Memorandum Opinion – Plaintiff's Motion to Compel (Herro)
Page 3 of 16

Cite as 2023 VI Super 3U

Kokot immediately sent Herro a letter pursuant to Rule 37-1(b) seeking supplementary responses to the requested discovery ("Rule 37-1 letter").[4] Herro responded to the objections by letter, and the parties met and conferred on May 9, 2022. Kokot states Herro agreed to supplement the insufficient responses by May 23, 2022, but he did not. As such, throughout the Motion, Kokot maintains Herro has waived any objections to the interrogatories.

The Motion, lastly, asserts Kokot notified Herro that a motion to compel would be filed on June 1, 2022, if the responses were not supplemented before then. On May 31, 2022, Herro responded that he would not have any additional information by June 1, maintained he had not waived objections, that he had answered all discovery requests, and he understood his obligation to supplement pursuant to V.I. R. Civ. P. 26(e).

Kokot now moves this Court, pursuant to V.I. R. Civ. P. 37, to compel Herro to provide complete responses to discovery and for sanctions.

## DISCUSSION

Under the laws of the Virgin Islands, a party that fails to produce documents or answer interrogatories, by providing evasive or incomplete responses during discovery, may be compelled by court order to supplement her responses. V.I. R. Civ. P. 37. The scope of discovery, unless limited by the court, encompasses "any nonprivileged matter [] relevant to any party's claim or defense, and evidence does not have to be admissible evidence to be discoverable. V.I. R. Civ. P. 26(b).

---

[4] V.I. R. Civ. P. 37-1(b) mandates that "[t]he party requesting resolution of a discovery dispute shall serve a letter on other counsel identifying each issue and/or discovery request in dispute, stating briefly the moving party's position with respect to each (and providing any legal authority), and specifying the terms of the discovery order to be sought."

*Kokot v. St. John Front Desk, LLC, et al.*
Case No. ST-2020-CV-00153
Memorandum Opinion – Plaintiff's Motion to Compel (Herro)
Page 4 of 16

Cite as 2023 VI Super 3U

Whether nonprivileged information is discoverable is solely determined by considering its relevance to the matter. *Donastorg v. Walker*, 2019 VI Super 96U, ¶11 and *Cruz v. Virgin Islands Water and Power Authority*, 2020 VI Super 5U, ¶2 (citing *Finn v. Adams*, Super. Ct. Civ. No. ST-16-CV-752, 2017 WL 5957669, at *3 (V.I. Super. Ct. Nov. 28, 2017) (unpublished)). And evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." V.I. R. Evid. 401.

Further, under Rule 37, a court may order the responding party to pay the reasonable expenses incurred by the movant in the making of a motion to compel for violating Rules 33 and 34. V.I. R. Civ. P. 37(a)(5); *Christian v. Pedersen*, 2021 VI Super 73U, ¶4; *Berkeley v. Berkeley*, 2021 VI Super 22P, ¶11.

Kokot makes the argument that Herro waived any objections to the discovery demands as a matter of law, pursuant to V.I. R. Civ. P. 33(b)(1)(B)(4), because his responses were late. Kokot further acknowledges the "slew of objections" that Herro made in his responses but argues that, even if timely made, they are meritless.

Herro's Opposition counters that his objections were not waived and that Kokot continues to pursue claims against an incorrect party, arguing that Herro has disclosed and made known that Clickbait was owned by Sunsation at all times material hereto. The Opposition continues that Kokot "obstinately refuses to pursue her claims against the correct party", refusing to amend her Complaint to pursue the proper party.

Herro also argues that his discovery responses are complete and compliant with Virgin Islands Rules of Civil Procedure. Herro further argues that some of the requests for information

*Kokot v. St. John Front Desk, LLC, et al.*
Case No. ST-2020-CV-00153
Memorandum Opinion – Plaintiff's Motion to Compel (Herro)
Page 5 of 16

Cite as 2023 VI Super 3U

and documents, dating back to 2017, are overburdensome since the incident giving rise to Kokot's injuries did not occur until June 15, 2019, and thus only that date is pertinent.

Kokot counterargues that the purpose of discovery is to obtain evidence to either support or challenge a party's claims or defenses, and thus it is the very reason she is entitled to the requested discovery – in part to test Herro's claims that he is not the right party. And even if Herro is not the correct party, Kokot maintains that it does not alleviate Herro's obligation to provide answers to discovery, and that her right to obtain information about Clickbait is not limited to the date of the incident.

## I.     First Set of Interrogatories

Kokot moves the Court to compel Herro to supplement his responses to Interrogatory Nos. 4, 9, 10, 14, and 15. Pursuant to Rule 33, a movant may serve interrogatories to a responding party, who then must serve their answers within thirty days after being served with the interrogatories. V.I. R. Civ. P. 33. The Court will examine the individual interrogatories and the existing responses to determine if they are deficient.

a) Interrogatory No. 4

Interrogatory No. 4 and Herro's response, respectively, state:

> **Please explain, in detail, how St. John Front Desk, LLC d/b/a Wharfside Watersports, Justin Bartosh, and/or Michael Ramsey came into possession of m/v Clickbait such that the vessel was being operated for charter in 2019.**
>
> **HERRO'S RESPONSE:** HERRO incorporates the Introduction, Reservation of Rights and General Objections as set forth above. Without waiving any objections HERRO states: the vessel was in the custody of Justin Bartosh and Michael Ramsey while Sunsation Holdings, LLC was arranging for the vessel to moved (sic) from the USVI. Sunsation Holdings, LLC did not authorize the vessel to be chartered during this time.

*Kokot v. St. John Front Desk, LLC, et al.*
Case No. ST-2020-CV-00153
Memorandum Opinion – Plaintiff's Motion to Compel (Herro)
Page 6 of 16

Cite as 2023 VI Super 3U

Kokot argues that Herro's response is insufficient because Herro did not answer **in detail** how Bartosh and/or Ramsey came into the possession of Clickbait, only **why**. (emphasis in the original).[5] Herro's response points out that in the *Merriam Webster Dictionary*, "how" is defined as "for what reason." Herro maintains his answer is complete and states that Sunsation came into existence on February 6, 2017. Kokot argues she is entitled to know how Ramsey and/or Bartosh came into possession of Clickbait, how and when the keys to Clickbait were turned over to these men, and by whom. Kokot argues that Herro relied upon *Webster's* secondary definition of "how", not the principal definition of how, which is – "in what way or manner."

The Court finds that Herro's response is not complete. The Court finds that the information requested is discoverable because it is relevant to Kokot's negligent entrustment claim. Herro's response, that Bartosh and Ramsey were in possession of Clickbait, while Sunsation arranged for Clickbait to be moved, does not answer *how* Bartosh and Ramsey came into possession, and, thus, it is incomplete. As a result, the Court will compel Herro to supplement his response to Interrogatory No. 4.

b) Interrogatory No. 9 and Interrogatory No. 10

Interrogatory Nos. 9 and 10, and Herro's responses, respectively, state:

**Interrogatory 9. Please provide the current physical location of m/v Clickbait (if the name of the vessel has changed since the date of the incident which formed the basis of this lawsuit, please provide the new name of the vessel and its current physical location)**

**RESPONSE:** HERRO incorporates the Introduction, Reservation of Rights and General Objections as set forth above. Without waiving any objections HERRO

---

[5] Kokot also argues that the claim that Sunsation was arranging for the vessel to be moved is contradicted by the documents provided in discovery showing that the removal of "Clickbait" from the territory was done by Herro in his name on his own behalf, not for Sunsation, and in an affidavit dated February 21, 2020, Herro identified himself as owner of the Sunsation vessel, and that he bought the vessel in May 2016. Kokot also attempted to argue DPNR records support this statement, but the referenced exhibit does not show a DPNR record.

*Kokot v. St. John Front Desk, LLC, et al.*
Case No. ST-2020-CV-00153
Memorandum Opinion – Plaintiff's Motion to Compel (Herro)
Page 7 of 16

Cite as 2023 VI Super 3U

states: Herro objects to this interrogatory as seeking information that is not related to the claims or defenses of any party; Plaintiff is improperly seeking this information in order to attempt to arrest the vessel. *See Kokot v. St. John Front Desk, LLC*, 3:20-cv-25.

**Interrogatory 10. Please state whether the m/v Clickbait is generally kept in a marina, on a mooring on "on the hard" and please provide the precise location where the vessel is generally kept overnight.**

**RESPONSE:** HERRO incorporates the Introduction, Reservation of Rights and General Objections as set forth above. Without waiving any objections HERRO states: Herro objects to this interrogatory as seeking information that is not related to the claims or defenses of any party; Plaintiff is improperly seeking this information in order to attempt to arrest the vessel. *See Kokot v. St. John Front Desk, LLC*, 3:20-cv-25.

Kokot argues that Herro's late responses to the interrogatories operate as a waiver of objections. Kokot further argues that Herro's objections are absurd and his belief that the vessel may be arrested has no bearing on the fact that Clickbait is at the heart of the litigation and that Kokot is entitled to know its location and whether it has been renamed, and she is also entitled to conduct an inspection of the vessel. In the Opposition, Herro states that Kokot failed to articulate how Clickbait's current location is relevant to any claim or defense, and that Kokot has not made the appropriate request to inspect the vessel; the Court disagrees.

As Kokot points out, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and Herro does not claim this information is privileged. The Court finds that Clickbait is central to this litigation, so its current location and name changes are relevant, discoverable information that Kokot is entitled to. And Kokot need not file a request pursuant to V.I. R. Civ. P. 34, to inspect the vessel, in order to determine where it is located. Thus, the Court will compel Herro to supplement his responses to Interrogatory Nos. 9 and 10.

*Kokot v. St. John Front Desk, LLC, et al.*
Case No. ST-2020-CV-00153
Memorandum Opinion – Plaintiff's Motion to Compel (Herro)
Page 8 of 16

Cite as 2023 VI Super 3U

    c)  Interrogatory No. 14

Interrogatory No. 14 and Herro's response, respectively, state:

**Interrogatory 14. If you claim that St. John Front Desk, LLC d/b/a Wharfside Watersports, Justin Bartosh, and/or Michael Ramsey were accessing or operating m/v Clickbait in 2019 without permission or your knowledge, please explain how any of them came into possession of the vessel, and how the vessel was returned to you.**

**RESPONSE:** HERRO incorporates the Introduction, Reservation of Rights and General Objections as set forth above. Without waiving any objections HERRO states: Justin Bartosh and Michael Ramsey had custody of the vessel while Sunsation Holdings, LLC was determining how and where to move the vessel. They did not have permission to charter the vessel. Once transportation from the USVI was arranged for the vessel, Sunsation Holdings, LLC retrieved the vessel.

Kokot contends that Herro's response is insufficient and evasive because Herro does not explain how Bartosh or Ramsey came into possession of Clickbait in 2019, nor how it was returned. Herro states his answer is complete and responsive. Herro states that Bartosh and Ramsey had custody of Clickbait while Sunsation sorted its transportation but that neither Bartosh nor Ramsey had permission to charter Clickbait. Be that as it may, the response does not explain how either acquired possession of Clickbait, nor how it was returned. As such, the Court will compel Herro to supplement his response to Interrogatory No. 14.

    d)  Interrogatory No. 15

    Interrogatory No. 15 and Herro's response, respectively, state:

**Interrogatory 15. Please state whether you were ever paid by St. John Front Desk, LLC d/b/a Wharfside Watersports, Justin Bartosh, and/or Michael Ramsey for the use or operation of m/v Clickbait, the dates and amounts of such payments, the form in which you received payment and, if those funds were deposited into any bank or other financial institution, the name of that institution, and the name and account number into which the funds were deposited.**

*Kokot v. St. John Front Desk, LLC, et al.*             Cite as 2023 VI Super 3U
Case No. ST-2020-CV-00153
Memorandum Opinion – Plaintiff's Motion to Compel (Herro)
Page 9 of 16

**RESPONSE:** HERRO incorporates the Introduction, Reservation of Rights and General Objections as set forth above. Without waiving any objections HERRO states: Herro objects to the disclosure of any identification of bank and/or financial institutions, and information related to particular account numbers – that information is not reasonably related to any claim or defense in this matter and is not discoverable. Mr. Herro was never paid by St. John Front Desk, LLC d/b/a Wharfside Watersports, Justin Bartosh, and/or Michael Ramsey for the operation of m/v Clickbait.

Kokot repeats her contention that Herro waived his objections by not timely filing responses. In addition, Kokot contends that the information sought in Interrogatory No. 15 is relevant because it would demonstrate whether Herro was paid for chartering Clickbait, and that Wharfside has submitted documents showing that Wharfside paid Herro for the use and operation of the vessel. Kokot claims Herro's statement that he was never paid by Wharfside, or Bartosh or Ramsey for the operation of Clickbait is false.

In a nutshell, the dispute surrounding Interrogatory No. 15 is not whether Herro's response is complete, but that Kokot believes the response is false. The Court finds Herro has sufficiently responded, stating he was never paid by Wharfside, Bartosh, or Ramsey for the operation of Clickbait. Even though Kokot has reason to believe the response is false, at this juncture the Court cannot direct Herro to change his response or direct him to give a different answer.[6] As a result, the Court will not compel Herro to supplement his response to Interrogatory No. 15.

## II.    First Set of Requests for Production

Kokot also moves the Court to compel Herro to supplement Request for Production Nos. 1, 3, 7, 8, 10, and 11. Under Rule 34, a movant may serve any other party a request for production,

---

[6] Herro proceeds, however, at this own risk if he has indeed given a false statement under oath and refuses to retract or correct it.

*Kokot v. St. John Front Desk, LLC, et al.*     Cite as 2023 VI Super 3U
Case No. ST-2020-CV-00153
Memorandum Opinion – Plaintiff's Motion to Compel (Herro)
Page 10 of 16

including designated documents, electronically stored information, or tangible things in the other party's possession, custody, or control. V.I. R. Civ. P. 34(a); *Donastorg*, 2019 VI Super, at ¶35.

    a)   Request for Production No. 1

Request No. 1 and Herro's response, respectively, state:

**Any communications, in any form, between you and the following person(s) or entities (or any representative thereof) regarding m/v Clickbait, Loren Kokot, and/or the lawsuit:**
**a. Michael Ramsey;**
**b. St. John Front Desk, LLC d/b/a Wharfside Watersports;**
**c. Justin Bartosh;**
**d. Nathan Fletcher.**

**RESPONSE:** HERRO incorporates the Introduction, Reservation of Rights and General Objections as set forth above. Without waiving any objections HERRO states: Herro objects to and will not produce communications between Herro and legal counsel as they are privileged by the attorney-client privilege. There are no non-privileged communications in his custody, possession or control.

Kokot seeks to compel Herro to produce documents responsive to Request No. 1, asserting that it is not credible that Herro cannot provide documentation of any requested communication. Request No. 1 demands the production of communications between Herro and Ramsey, Wharfside, Bartosh, and Nathan Fletcher, which Herro does not specifically address in his response nor in Opposition. Herro states that communications between himself and his legal counsel will not be produced because they are privileged under the attorney-client relationship; and the Court agrees with Herro that his communications with his legal counsel are privileged. But Kokot's request does not seek privileged documents, and even if Herro were to consider his legal counsel as his "representative", the request is much broader and addresses communications between Herro and Ramsey, Wharfside, Bartosh, and Nathan Fletcher, none of whom are Herro's legal representative. Therefore, the Court will compel Herro to supplement his response to Request No. 1 to the extent that Herro shall respond to each subpart of Request No. 1.

*Kokot v. St. John Front Desk, LLC, et al.*
Case No. ST-2020-CV-00153
Memorandum Opinion – Plaintiff's Motion to Compel (Herro)
Page 11 of 16

Cite as 2023 VI Super 3U

b) Request for Production No. 3

Request No. 3 and Herro's response, respectively, state:

**Any receipts or invoices in your possession or otherwise accessible by you for any repairs or maintenance for m/v Clickbait between January 1, 2018, and present.**

**RESPONSE:** HERRO incorporates the Introduction, Reservation of Rights and General Objections as set forth above. Without waiving any objections HERRO states: This request will be supplemented to the extent that documents are available. To date, Mr. Herro has found no responsive documents in his possession, custody, or control.

Kokot asserts Herro is falsely claiming these documents are not in his possession. Kokot argues that if these documents are available to Sunsation, they should be available to Herro, who is a member of the LLC. The Court finds that evidence of any repairs or maintenance done on Clickbait is relevant to Kokot's injuries. Therefore, to the extent that Herro has possession, custody, or control of the requested documents, including those documents in the possession, custody and control of Sunsation, Herro has a duty to produce the requested documents and must supplement his response to Request No. 3. In addition, to the extent that Herro and/or Sunsation later comes into the possession, custody, or control of the requested documents, Herro has a duty to supplement his response to Request No. 3.

c) Request for Production No. 7

Request No. 7 and Herro's response, respectively, state:

**Any written agreements regarding m/v Clickbait St. John Front Desk, LLC d/b/a Wharfside Watersports, Justin Bartosh, and/or Michael Ramsey.**

**RESPONSE:** HERRO incorporates the Introduction, Reservation of Rights and General Objections as set forth above. Without waiving any objections HERRO states: There were no written agreements with the above parties.

*Kokot v. St. John Front Desk, LLC, et al.*
Case No. ST-2020-CV-00153
Memorandum Opinion – Plaintiff's Motion to Compel (Herro)
Page 12 of 16

Cite as 2023 VI Super 3U

Kokot asserts that Herro has a legal duty to produce the documents requested, even if they are in Sunsation's physical possession. The Court agrees. To the extent that Herro has possession, custody, or control of the requested documents, including documents in the possession, custody and control of Sunsation, Herro has a duty to produce the requested documents and must supplement his response to Request No. 7. The Court will therefore order Herro to supplement his response to Request No. 7.

d) Request for Production No. 8

Request No. 8 and Herro's response, respectively, state:

**Any insurance policy for m/v Clickbait in effect at any time between January 1, 2017- present.**

**RESPONSE:** HERRO incorporates the Introduction, Reservation of Rights and General Objections as set forth above. Without waiving any objections HERRO states: This request is objected to the extent that it requests insurance policies not during the time period that is relevant to the issue raised in the complaint in this matter. There is no insurance policy.

Of course, Kokot first argues that Herro has waived all objections. In addition, Kokot argues that the insurance policies must be produced because it will give insight as to who held an insurable interest in Clickbait and would highlight who owned Clickbait, especially since Herro is claiming that Sunsation Holdings owned the vessel at the time of the incident giving rise to this case.

Herro's objection that Kokot is seeking documents outside the relevant timeframe is without merit since the accident occurred in June 2019.The Court notes that Herro does state "[t]here is no insurance policy." However, in light of the earlier portion of the response that raises an objection, it is not clear if indeed there was no insurance policy covering Clickbait from January

*Kokot v. St. John Front Desk, LLC, et al.*
Case No. ST-2020-CV-00153
Memorandum Opinion – Plaintiff's Motion to Compel (Herro)
Page 13 of 16

Cite as 2023 VI Super 3U

1, 2017 to the time the request was propounded. Therefore, the Court will direct Herro to respond to the request again.

e) Request for Production No. 10

Request No. 10 and Herro's response, respectively, state:

**Any dockage agreements or agreements for the storage, docking or mooring of m/v Clickbait in effect between January 1, 2018, and present.**

RESPONSE: HERRO incorporates the Introduction, Reservation of Rights and General Objections as set forth above. Without waiving any objections HERRO states: This request is objected to the extent that it requests insurance policies not during the time period that is relevant to the issue raised in the complaint in this matter.

Again, Kokot points out that Herro's objections are untimely. Kokot maintains that the documents in this request are relevant to know who owned Clickbait during that timeframe. The Court notes that Herro's response is non-responsive as his responses refer to insurance policies, while nothing in the request references an insurance policy. Indeed, Herro's response to the Rule 37-1 letter states that Herro's response to Request No. 10 was in error and that the answer would be supplemented. Pl.'s Mot. to Compel, Ex. 7. But there seems to have been no supplement provided. The Court, therefore, relies on the original response. The Court finds that the response is non-responsive. And the objection was untimely. Therefore, the Court will compel Herro to supplement Request No. 10 and provide all documents that are responsive, including those in the possession, custody, or control of Sunsation.

f) Request for Production No. 11

Request No. 11 and Herro's response, respectively, state:

**Any documentation showing the receipt of any funds you were ever paid by St. John Front Desk, LLC d/b/a Wharfside Watersports, Justin Bartosh, and/or Michael Ramsey for the use or operation of m/v Clickbait and if those**

*Kokot v. St. John Front Desk, LLC, et al.*
Case No. ST-2020-CV-00153
Memorandum Opinion – Plaintiff's Motion to Compel (Herro)
Page 14 of 16

Cite as 2023 VI Super 3U

**funds were deposited into a bank or other financial institution, documentation showing the account(s) into which those funds were deposited.**

**RESPONSE:** HERRO incorporates the Introduction, Reservation of Rights and General Objections as set forth above. Without waiving any objections HERRO states: Herro objects to the disclosure of any identification of bank and/or financial institutions, and information related to particular account numbers – that information is not reasonably related to any claim or defense in this matter and is not discoverable. There were no payments from any of those parties.

Once again, Kokot argues that Herro's objections are untimely. In addition, Kokot argues that documents responsive to this request are relevant as they would prove ownership of Clickbait and/or whether Herro was treating "Sunsation Holdings …as his piggy bank." Kokot asserts that if payments were made to Sunsation or another entity controlled by Herro, Herro has a duty to obtain and produce those documents. Like the response to Request No. 8, it is unclear if there were absolutely no payments from any of those parties. Therefore, the Court will direct Herro to respond to the request again.

### III. Kokot's reasonable expenses

Kokot moves the Court, also, to impose sanctions on Herro because Herro failed to timely respond to discovery and his responses were evasive. In the Virgin Islands, "[i]f a party served fails to make all necessary disclosures as required by [Rules 33 and 34], the party requesting disclosure may move to compel discovery under Rule 37(a)(1)." *Cruz v. Virgin Islands Water and Power Authority*, 2020 VI Super 5U, ¶4. And, crucially, pursuant to Rule 37, "[i]f the motion [to compel] is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." V.I. R. Civ. P. 37(a)(5)(C).[7]

---

[7] "Reasonable expenses include attorney's fees." *Christian v. Pedersen*, 2021 VI Super 73U, ¶5 (citing to V.I. R. Civ. P. 37(a)(5)(A)).

*Kokot v. St. John Front Desk, LLC, et al.*
Case No. ST-2020-CV-00153
Memorandum Opinion – Plaintiff's Motion to Compel (Herro)
Page 15 of 16

Cite as 2023 VI Super 3U

Here, Kokot served the first set of interrogatories and requests for production on March 3, 2022; accordingly, Herro had thirty days to respond. *See* V.I. R. Civ. P. 33 and 34. Instead, on April 12, 2022, Herro requested an extension until April 29, 2022, but did not file his responses until May 5, 2022. Kokot then followed up, that same May 5, with the Rule 37-1(b) letter, detailing the deficiencies in Herro's discovery responses.

The parties met and conferred in person on May 9, 2022, when Herro agreed to supplement his responses to the discovery demands by May 23, 2022. Herro then failed to supplement any of his responses by May 23, 2022. Kokot informed Herro that a motion to compel would be filed on June 1, 2022, if Herro did not supplement his discovery responses. On May 31, 2022, Herro noted that he would continue asserting objections and that the discovery responses would not be supplemented. This instant motion was subsequently filed.

The Court finds that sanctions covering the reasonable expenses for the motion are appropriate here where the responding party has repeatedly missed deadlines to submit discovery and is now being compelled to supplement some of his responses. *See* V.I. R. Civ. P. 37 Advisory's Committee on Rules comment ("The prevailing party on discovery motions continues to be entitled to recover the reasonable expenses entailed in the motion practice, including attorney's fees.").

## CONCLUSION

Based on the foregoing, the Court will grant the Motion in part, and deny the Motion in part. The Court will grant the motion that relates to Interrogatory Nos. 4, 9, 10 and 14, and Request for Production Nos. 1, 3, 7, 8, 10, and 11. The Court will order Herro to provide supplemental responses to those interrogatories and request for production of documents. The Court will deny

*Kokot v. St. John Front Desk, LLC, et al.*
Case No. ST-2020-CV-00153
Memorandum Opinion – Plaintiff's Motion to Compel (Herro)
Page 16 of 16

Cite as 2023 VI Super 3U

the portion of the Motion that relates to Interrogatory No. 15. Finally, the Court will order Herro

to pay Kokot's reasonable expenses incurred in the making of this Motion.

An Order consistent with this Memorandum Opinion will be entered contemporaneously

herewith.

DATED: January 26, 2023

_____
**Kathleen Mackay**
Judge of the Superior Court
of the Virgin Islands

**ATTEST:**
**TAMARA CHARLES**
Clerk of the Court

BY: _____
for **LATOYA CAMACHO**
Court Clerk Supervisor 01 / 26 / 23